# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| DARRYL PATTERSON, | |
| *Plaintiff*, | Civil Case No.: 5:25-cv-12738-MGL |
| -v- | |
| JOHNNY T. STEWART<br>F & S TRUCKING, INC., | **COMPLAINT**<br>(Jury Trial Demanded) |
| *Defendants*. | |

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Darryl Patterson ("Plaintiff"), is a citizen and resident of the State of South Carolina.

2. Defendant, Johnny T. Stewart ("Defendant Stewart"), is a citizen and resident of the State of Georgia, and at all times relevant hereto was acting within the course and scope of his employment as a commercial truck driver.

3. Defendant, F & S Trucking, Inc. ("Defendant F & S"), is a corporation organized and existing under the laws of the State of Georgia, with its principal place of business located in the State of Georgia.

4. On the day of the crash, F & S was a motor carrier registered under DOT Number 946848, subject to regulation by the Federal Motor Carrier Safety Administration and was authorized to conduct business in South Carolina.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), as there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the crash giving rise to this action occurred in Calhoun County, within the Orangeburg Division of the District of South Carolina.

## FACTUAL ALLEGATIONS

7. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

8. On July 7, 2025, Plaintiff was lawfully operating his motor vehicle eastbound on Interstate 26 in Calhoun County, South Carolina.

9. At that same time and place, Defendant Stewart was operating a tractor-trailer owned by and operated on behalf of Defendant F & S Trucking, Inc.

10. As traffic on Interstate 26 slowed or stopped, Plaintiff slowed or stopped her vehicle as well. Defendant Stewart failed to slow or stop and crashed the tractor-trailer into the rear of Plaintiff's vehicle.

11. As a direct and proximate result of the collision, Plaintiff suffered serious and permanent injuries, incurred substantial medical expenses, lost wages, endured pain and suffering, and sustained other damages.

12. At all relevant times, Defendant Stewart was acting within the course and scope of his employment and agency with Defendant F & S, making F & S vicariously liable for his conduct under the doctrine of *respondeat superior*.

## FIRST CAUSE OF ACTION
(Negligence)

13. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

14. Defendant Stewart owed Plaintiff the duty to operate the commercial motor vehicle safely, lawfully, and with due regard for the safety of others on the roadway.

15. Defendant Stewart breached that duty by, among other things, failing to maintain a proper lookout, failing to keep proper control, failing to drive within the speed limit, crashing the tractor-trailer he was driving into the rear of Plaintiff's vehicle, and otherwise operating his vehicle in an unreasonable and unsafe manner.

16. As a direct and proximate result of Defendant's negligence, Plaintiff sustained the injuries and damages previously described.

17. Defendant F & S is vicariously liable for the negligent acts and omissions of its employee and agent, Defendant Stewart.

## SECOND CAUSE OF ACTION
(Negligence *Per Se*)

18. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

19. Defendant Stewart violated the following statutory duties contained in the South Carolina Code of Laws, each of which was enacted for the safety and protection of motorists, including Plaintiff:

   a. § 56-5-1930 (following too closely);

   b. § 56-5-1900 (failure to maintain lane/control; careless operation)

   c. § 56-5-1520(A) (too fast for conditions);

   d. § 56-5-3890 (statewide texting ban)

   e. §56-5-2920 (reckless driving).

20. Each statutory violation constitutes negligence *per se* and was a direct and proximate cause of the collision and Plaintiff's resulting injuries and damages.

21. Defendant F & S is vicariously liable for the negligence *per se* of its employee and agent, Defendant Stewart.

## THIRD CAUSE OF ACTION
(Recklessness, Willfulness, and Punitive Damages)

22. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

23. In addition to the foregoing acts of negligence and negligence *per se*, Defendant Stewart's conduct constituted recklessness, willfulness, and wantonness.

24. Such conduct demonstrates a conscious indifference to the rights and safety of Plaintiff and others lawfully on the roadway.

25. Defendant F & S is vicariously liable for the reckless, willful and wonton conduct of its employee and agent, Defendant Stewart.

26. As a direct and proximate result of Defendants' reckless, willful, and wanton conduct, Plaintiff is entitled to an award of punitive damages in addition to actual damages.

## FOURTH CAUSE OF ACTION
(Vicarious Liability)

27. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

28. At the time of the crash, Defendant Stewart acted in the scope of his agency or employment on behalf of Defendant F & S.

29. Defendant F & S is vicariously liable for the negligent, negligent per se, reckless, willful and wonton conduct of its employee and agent, Defendant Stewart.

## FIFTH CAUSE OF ACTION
(Direct Negligence)

30. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

31. At all times relevant, Defendant F & S owed duties to the motoring public, including Plaintiff, to exercise reasonable care in the hiring, training, supervision, and retention of its drivers, including Defendant Stewart.

32. Defendant F & S breached these duties by hiring and retaining Defendant Stewart despite its knowledge, actual or constructive, of his unfitness, inexperience, unsafe driving history, or incompetence to safely operate a commercial motor vehicle.

33. Defendant F & S further breached its duties by failing to properly train Defendant Stewart in the safe operation of tractor-trailers, including compliance with the federal motor carrier safety regulations and industry safety standards.

34. Defendant F & S also failed to adequately supervise and monitor Defendant Stewart's driving performance and continued to employ him despite evidence or warning signs of unsafe driving practices.

35. As a direct and proximate result of Defendant F & S's negligent hiring, training, supervision, and retention of Defendant Stewart, Plaintiff sustained serious and permanent injuries, incurred medical expenses, lost wages, endured pain and suffering, and sustained other damages.

36. Plaintiff is entitled to recover actual and punitive damages against Defendant F & S for its direct negligence.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants, jointly and severally, for actual and compensatory damages in an amount to be determined by the jury, punitive damages in an amount sufficient to punish Defendants and deter similar conduct; costs of this action; attorneys' fees, pre- and post-judgment interest, and such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**MORGAN & MORGAN P.A.**

/*s/* *James G. Biggart II*

JAMES G. BIGGART II, ESQ.
Federal ID:     14195
COOPER KLAASMEYER, ESQ.
Federal Id:     14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax:     (843) 947-6113
biggartlitigation@forthepeople.com
**Attorneys for the Plaintiff**

September 29, 2025
Charleston, South Carolina