# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Darryl A. Patterson, | ) | Case No.: 5:25-cv-12738-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ANSWER OF DEFENDANTS JOHNNY T. STEWART AND F & S TRUCKING, INC. |
| | ) | |
| Johnny T. Stewart and F & S Trucking, Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**COMES NOW,** the Defendants, Johnny Todd Stewart and F & S Trucking, Inc., by and through their undersigned attorneys, answering the Complaint of the Plaintiff, would respectfully show unto this honorable Court:

## FOR A FIRST DEFENSE

1.  Each and every allegation of the Plaintiff's Complaint not specifically admitted herein is denied.

2.  Lacks sufficient knowledge and information to form a belief as to the allegations of Paragraph 1 and thereby deny the same.

3.  Admits so much of Paragraph 2 which alleges that the Defendant Stewart is a citizen and resident of a State other than South Carolina. Lacks sufficient knowledge and information to form a belief as to the remaining allegations of Paragraph 2 and thereby deny the same.

4.	The Defendant admits so much of Paragraph 3 which alleges that the Defendant F & S Trucking, Inc., is a corporation organized and existing in the laws other than the State of South Carolina, with its principal place of business in a State other than South Carolina.

5.	Lacks sufficient knowledge and information to form a belief as to the allegations of Paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, and 13 thereby deny the same.

6.	The Defendant Stewart would show that his duties are prescribed by and in accordance with the laws of the State of South Carolina and to the extent the allegations of Paragraph 14 are inconsistent therewith, hereby deny the same.

7.	Denies the allegations of Paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 thereby denies the same.

8.	The Defendant F & S Trucking, Inc., would show that its duties are prescribed by and in accordance with the laws of the State of South Carolina, and to the extent the allegations of Paragraph 31 are inconsistent therewith, hereby denies the same.

9.	Denies the allegations of Paragraphs 32, 33, 34, 35, and 36 thereby denies the same.

## FOR A SECOND DEFENSE
### (Failure to State Claim)

10.	The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

11.	The Defendants would show that the Plaintiff's Complaint fails to state a claim upon which relief can be granted and therefore should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE
### (Comparative Negligence)

12. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

13. The Defendants would show that such injuries or losses that Plaintiff sustained, if any, were due to and caused by the sole negligence, gross negligence, willfulness, wantonness, carelessness and recklessness of the Plaintiff, combining, concurring and contributing with the negligence, if any, on the part of these Defendants, to such a degree that Plaintiff's recovery is barred by the doctrine of comparative negligence in South Carolina.

## FOR A FOURTH DEFENSE
### (Sudden Emergency)

14. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

15. Even assuming Defendants were negligent in any respect, which is expressly denied, these Defendants would show that the Plaintiff's injuries or losses were the result of and reaction to a sudden emergency over which Defendants had no control and, therefore, Plaintiff's action is barred.

## FOR A FIFTH DEFENSE
### (Assumption of the Risk)

16. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

17. The Defendants would show that the Plaintiff knew of the probable risk of injury or harm resulting from Plaintiff's actions, and therefore, the Defendants would plead the doctrine of assumption of the risk as a complete bar to this action.

## FOR A SIXTH DEFENSE
### (Unavoidable Accident)

18. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

19. The Defendants would show that such injuries or losses that the Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by the negligence on the part of the Defendants, but was rather due to and caused by an unavoidable accident, thereby barring any claim whatsoever.

**FOR A SEVENTH DEFENSE**
**(Intervening or Superseding Negligence)**

20. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

21. The Defendants would show that such injuries or losses that Plaintiff sustained, if any, as alleged in Plaintiff's Complaint, were not due to or caused by any negligence on the part of the Defendants, but were rather due to and caused by the contributing, concurring, intervening or superseding fault, breach of warranty or act or omission of a third party, over which these Defendants had no control.

**FOR AN EIGHTH DEFENSE**
**(Waiver and Estoppel)**

22. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

23. The Defendants would show that Plaintiff's Complaint is barred by the doctrine of waiver and estoppel.

**FOR A NINTH DEFENSE**
**(Spoliation)**

24. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

25. The Defendants would show that Plaintiff's Complaint is barred by the doctrine of spoliation.

## FOR A TENTH DEFENSE
**(Punitive Damages)**

26. The allegations contained in the preceding paragraphs, not inconsistent herewith, are hereby re-alleged as if set forth herein verbatim.

27. The Defendants allege that the Plaintiff's claim for punitive damages violates both the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the jury's unfettered power to award punitive damages in any amount it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

28. The Defendants allege that the Plaintiff's claim for punitive damages violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 3 of the South Carolina Constitution because, even if it could be argued the standard governing the imposition of punitive damages exists, the standard would be void due to vagueness.

29. The Defendants allege that the Plaintiff's claim for punitive damages violates the equal protection clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 3 of the South Carolina Constitution in that the amount of punitive damages is based upon the wealth of these Defendants.

30. The Defendants allege that the Plaintiff's claim of punitive damages violates the doctrine of separation of powers and Article I, Section 3 of the South Carolina Constitution because punitive damages are a creation of the Judicial Branch of government which invades the province of the Legislative Branch of government.

31.     Defendants would show, upon information and belief, that the Plaintiff's claim for punitive Damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States of America in that it violates the double jeopardy clause in that Defendants could be subjected to multiple awards of punitive damages for the same set of facts; the self-incrimination clause is being violated because Defendants can be compelled to give testimony against itself in a penalty situation such as punitive damages; the assessment of punitive damages by a burden of proof less than beyond a reasonable doubt is violative of the Sixth and Fourteenth Amendments in that punitive damages are a fine or penalty and are, therefore, quasi-criminal in nature; Plaintiff's claim for punitive damages violates Defendants' right to access the courts as guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of punitive damages chills these Defendants' exercise of that right; the Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines shall not be imposed; the Plaintiff's claim for punitive damages violates both the due process and equal protection clauses of the Fourteenth Amendment in that the standard for awarding either punitive damages is unduly vague and, therefore, violates both procedural and substantive due process safeguards; therefore, the Plaintiff's claim for punitive damages should be dismissed.

32.     Defendants plead all applicable statutory caps on punitive damages, including but not limited to the caps described in S.C. Code Ann. § 15-32-530, *et seq*., as amended.

**WHEREFORE**, having fully answered, the Defendant prays that the Plaintiff's Complaint be dismissed with costs, for attorney's fees and such other and further relief this Court deems just and proper.

The Defendant demands a jury trial.

~Signature page to follow~

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**


s/Mark S. Barrow
Mark S. Barrow, Fed. I.D. No. 1220
Aaron J. Hayes, Fed. I.D. No. 11196
Jacob M. Kaufman, Fed. I.D. No. 14615
1515 Lady Street
Post Office Box 12129
Columbia, South Carolina 29211
(803) 256-2233
msb@swblaw.com
ajh@swblaw.com
jmk@swblaw.com
**ATTORNEYS FOR THE DEFENDANTS JOHNNY T. STEWART AND F & S TRUCKING, INC.**

Columbia, South Carolina
December 3, 2025