# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Darryl A. Patterson, | ) | Case No.: 5:25-cv-12738-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS JOHNNY T. STEWART** |
| | ) | **AND F & S TRUCKING, INC.'S** |
| | ) | **RESPONSES TO LOCAL RULE 26.01** |
| Johnny T. Stewart and F & S Trucking, | ) | **INTERROGATORIES** |
| Inc., | ) | |
| | ) | |
| Defendants. | ) | |

**TO: THE UNITED STATES COURT:**

Under the provisions of Local Rule 26.01, Defendants, Johnny Todd Stewart and F & S

Trucking, Inc., respond to the Court's Rule 26.01 Interrogatories as follows:

A. State the full name, address and telephone number of all persons or legal entities

who may have a subrogation interest in each claim and state the basis and extent of said interest.

 **ANSWER:** **None of which Defendant is aware.**

B. As to each claim, state whether it should be tried jury or non-jury and why.

 **ANSWER:** **The claims of this action should be tried by a jury. Plaintiff's complaint brings certain negligence claims which require the resolution of certain factual questions. A jury is necessary to determine how Plaintiff's incident occurred, whether Defendants' actions or those of its employees caused the incident, whether Plaintiff contributed to his own incident, and whether Plaintiff's incident caused him damage, among other factual inquiries.**

C. State whether the party submitting these responses is a publicly owned company

and separately identify: (1) each publicly owned company of which it is a parent, subsidiary,

partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the

outstanding shares or other indicia of ownership of the party; and (3) each publicly owned

company in which the party owns ten percent or more of the outstanding shares.

> **ANSWER:** **Defendant Johnny T. Stewart is a citizen and resident of the State of Georgia. Defendant F & S Trucking, Inc., is not publicly owned. Thus, the Defendants answer as follows:**
>
> > **(1)    None**
> > **(2)    None**
> > **(3)    None**

D.    State the basis for asserting the claim in the division in which it was filed (or the

basis of any challenge to the appropriateness of the division).

> **ANSWER:    Plaintiff filed this case in the Orangeburg Division, as the accident allegedly occurred in Calhoun County.**

E.    Is this action related in whole or in part to any other matter filed in this District,

whether civil or criminal?  If so, provide:  (1) a short caption and the full case number of the

related action; (2) an explanation of how the matters are related; and (3) a statement of the status

of the related action.  Counsel should disclose any cases which *may be* related regardless of

whether they are still pending.  Whether cases *are* related such that they should be assigned to a

single judge will be determined by the Clerk of Court based on a determination of whether the

cases: arise from the same or identical translations, happenings or events; involve the identical

parties or property; or for any other reason would entail substantial duplication of labor if heard

by different judges.[1]

> **ANSWER:    Defendants are not aware of any related case pending in the District of South Carolina.**

F.    If the defendants are improperly identified, give the proper identification and state

whether counsel will accept service of an amended summons and pleading reflecting the correct

identification.

**ANSWER:** **Defendants Johnny T. Stewart and F & S Trucking, Inc., are properly named.**

G.     If you contend that some other person of legal entity is, in whole or in part, liable to you or the other party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**ANSWER:** **Defendants deny liability to any party in this matter. Defendants make no such contention at this time but reserve the right to supplement this response.**

H.     [Parties or Intervenors in a Diversity Case.] In an action in which jurisdiction is based on diversity under 28 U.S.C SS 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to the party or intervenor. This response must be supplemented when any later even occurs that could affect the court's jurisdiction under SS 1332(a).

**ANSWER:** **Defendant Johnny T. Stewart is a citizen and resident of the State of Georgia. Defendant F & S Trucking, Inc., is incorporated in the State of Georgia and has its principal place of business in the State of Georgia.**

~Signature page to follow~

3

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**


s/Mark S. Barrow
Mark S. Barrow, Fed. I.D. No. 1220
Aaron J. Hayes, Fed. I.D. No. 11196
Jacob M. Kaufman, Fed. I.D. No. 14615
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233
msb@swblaw.com
ajh@swblaw.com
jmk@swblaw.com

**ATTORNEYS FOR THE DEFENDANTS
JOHNNY T. STEWART AND F & S
TRUCKING, INC.**

Columbia, South Carolina

December 3, 2025

4