IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | | |
|---|---|---|
| Darryl A. Patterson, | ) | Case No.: 5:25-cv-12738-MGL |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Johnny T. Stewart and | ) | JOINT RULE 26(f) REPORT AND LOCAL |
| F & S Trucking, Inc., | ) | RULE 26.03 RESPONSES |
| | ) | |
| Defendants. | ) | |

**TO:   THE UNITED STATES DISTRICT COURT:**

The parties have conferred and jointly submit the following Rule 26(f) Discovery Plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

### I. CIVIL RULE 26(f) DISCOVERY PLAN

(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.

**RESPONSE: The current deadline for Rule 26(a)(1) initial disclosures is January 12, 2026. The parties intend to provide such disclosures by this date.**

(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

**RESPONSE: Discovery may be needed on the facts and circumstances surrounding the underlying incident giving rise to the allegations of Plaintiff's Complaint, as well as any damages sustained by Plaintiff. Discovery should be completed by the date noted in the proposed Amended Scheduling Order. At this time, the parties are unaware of any extraordinary issues in the case.**

1

(C) Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

**RESPONSE: The parties do not anticipate issues regarding discovery of electronically stored information at this time.**

(D) Any issues about claims of privilege or of protection as trial-preparation materials, including, if the parties agree on a procedure to assert these claims after production, whether to ask the court to include their agreement in an order.

**RESPONSE: No issues regarding claims of privilege or protection as to trial preparation materials have yet arisen in the case. The parties will advise the court in writing if any such issues arise.**

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**RESPONSE: The parties are not aware of any changes that should be made in the limitations on discovery at this time.**

(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

**RESPONSE: None at this time.**

## II. LOCAL CIVIL RULE 26.03 REPORT

A short statement of the facts of the case.

**RESPONSE: This lawsuit arises from a motor vehicle collision that occurred on July 7, 2025, on Interstate 26 near Saint Matthews, South Carolina. Plaintiff, who was driving a commercial motor vehicle, alleges that he was driving in front of Defendant Stewart, who was also operating a commercial motor vehicle. Plaintiff alleges that as traffic slowed, Plaintiff slowed as well. Plaintiff alleges that Defendant Stewart failed to slow or stop and crashed into the rear of Plaintiff's vehicle. Plaintiff alleges that the collision caused serious and permanent injuries, substantial medical expenses, lost wages, pain and suffering, and other damages. At this time, Defendants deny the allegations of Plaintiff's Complaint and demand strict proof thereof.**

The names of the fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**DEFENDANTS' RESPONSE:**

**Plaintiff Darryl A. Patterson, in his capacity as the Plaintiff. Plaintiff is expected to testify concerning his recollection of the collision, any property damage, the injuries he sustained, and the medical treatment he required.**

**Defendant Johnny T. Stewart. Mr. Stewart is the Defendant driver in this case and is expected to testify to his recollection of the circumstances of the collision that is the subject of Plaintiff's Complaint, as well as the immediate aftermath.**

**Trooper J.R. Hutcherson was responsible for responding to the scene of the accident and generated the accident report. Trooper Hutcherson is expected to testify as to the subject collision and the subsequent investigation by the South Carolina Department of Public Safety.**

**Medical Providers for Plaintiff who provided treatment for any alleged injuries received as a result of this incident.**

**Defendants reserve the right to supplement this answer pursuant to F.R.C.P. and/or scheduling order.**

**Any other witnesses of which the parties may become aware throughout the course of discovery.**

**PLAINTIFF'S RESPONSE:**

**In addition to the above witnesses, Plaintiff will likely call:**

**Jason Highsmith, MD**

**Dr. Highsmith is a board-certified neurosurgeon who has treated Plaintiff for his injuries sustained in the crash. Dr. Highsmith is expected to testify regarding his evaluation of Plaintiff, any diagnosis he has made, any treatment he has provided, and any opinions he holds regarding causation of injury, Plaintiff's prognosis, permanency of injury, his recommendations for ongoing care, and any other topic within his experience and training.**

**Lee Hewett, MD**

**Dr. Hewett is a board-certified diagnostic radiologist who has interpreted magnetic resonance imaging of Plaintiff's spine. Dr. Hewett is expected to testify regarding his interpretation of the imaging and any opinions formed in the process.**

**Representatives of F & S Trucking, Inc.**

**Representatives of Defendant F & S Trucking, Inc. are expected to testify regarding the hiring, training, and supervision of Defendant Stewart. Additionally, the representatives are expected to testify regarding the policies and procedures implemented by F & S Trucking, Inc in its trucking operations.**

The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**DEFENDANTS' RESPONSE: No expert witnesses have been identified at this time.**

**PLAINTIFF'S RESPONSE:**

**Plaintiff intends to elicit expert testimony from some or all of Plaintiff's treatment providers as identified above, in discovery, and in Plaintiff's 26(a)(1) disclosures. Plaintiff has not identified any retained experts at this time. Plaintiff may retain additional expert witnesses, who will be disclosed by the Court's deadline.**

A summary of the claims or defenses with statutory and/or case citations supporting same.[1]

**PLAINTIFF'S RESPONSE:**

**Negligence *Per Se*: "Negligence per se is established by showing a statute created a duty to the plaintiff and the defendant breached that duty by violating the statute." *Seals by Causey v. Winburn*, 314 S.C. 416, 445 S.E.2d 94 (Ct. App. 1994) (citing *Whitlaw v. Kroger Co.*, 306 S.C. 51, 410 S.E.2d 251 (1991)).**

**Negligence: "To recover on a claim for negligence, a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach.'" *Carolina***

---

[1] Generic references to the "general common, statutory or regulatory law" of the relevant jurisdiction will not be deemed an adequate response. Neither are lengthy discussions of commonly applied claims and defenses required. For most causes of action or defenses, a single citation to a single statute or case establishing the elements will suffice.

*Chloride, Inc. v. Richland Cnty.,* 394 S.C. 154, 714 S.E.2d 869 (2011) (citations omitted).

**Vicarious Liability/Respondeat Superior:** "The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Sams v. Arthur*, 135 S.C. 123, 133 S.E. 205 (1926)).

**Negligent Hiring, Training, Supervision, and Retention:** "In circumstances where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public, a plaintiff may claim that the employer was itself negligent in hiring, supervising, or training the employee, or that the employer acted negligently in entrusting its employee with a tool that created an unreasonable risk of harm to the public." *James v. Kelly Trucking Co.*, 377 S.C. 628, 661 S.E.2d 329 (2008) (citing *Degenhart v. Knights of Columbus*, 309 S.C. 114, 420 S.E.2d 495 (1992)).

As discovery is ongoing, plaintiff reserves the right to supplement for any additional claims which may result.

---

**DEFENDANTS' RESPONSE**: Defendants have answered and denied Plaintiff's allegations and demanded strict proof thereof, in accordance with Plaintiff's burden of proof in a civil action such as this one. Defendants have also asserted failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants have also cited the doctrine of comparative negligence as described in South Carolina Code Section 15-38-15 and the case law of South Carolina. Defendants have also asserted the defenses of intervening and superseding negligence (*see Matthews v. Porter*, 239 S.C. 620, 124 S.E.2d 321 (1962)); sudden emergency *(see Elrod v. All*, 243 S.C. 425, 134 S.E.2d 410 (1964)); assumption of known risk (*see Turner v. Sinclair Ref. Co.*, 254 S.C. 36, 173 S.E.2d 356 (1970)); and unavoidable accident (*see Grier v. Cornelius*, 247 S.C. 521, 148 S.E.2d 338 (1966)). These defenses would be used to show that the Defendants are either not liable or partially liable. Defendants assert the doctrine of waiver and estoppel (*see King v. James*, 388 S.C. 16, 694 S.E.2d 35 (Ct. App. 2010)); statute of limitations (see S.C. Code Ann. 15-3-530); spoliation (*see Cole Vision Corp. v. Hobbs*, 394 S.C. 144, 714 S.E.2d 537 (2011)); and any other defense that may be discovered as discovery as this case progresses. Finally, Defendants assert that Plaintiff's claim for punitive damages violates the Constitution of the United States and the Constitution of South Carolina.

Absent special instructions from the assigned Judge, the parties shall propose dates for the following deadlines listed in local Civil Rule 16.02.

5

**RESPONSE: A consent proposed amended scheduling order is being submitted contemporaneously herewith.**

Any special circumstances that would affect the time frames applied in preparing the scheduling order:

**RESPONSE: The parties are not aware of any special circumstances that would affect the time frames applied in preparing the scheduling order.**

Any additional information requested in the Pre-Scheduling Order or otherwise requested by the assigned judge.

**RESPONSE: The parties agree with the Court's order for mediation.**

Respectfully submitted,

**MORGAN & MORGAN P.A.**

*/s/ Cooper Klaasmeyer*
JAMES G. BIGGART II, ESQ
Federal ID: 14195
COOPER KLAASMEYER, ESQ.
Federal ID: 14272
4401 Belle Oaks Drive, Suite 300
North Charleston, SC 29405
Telephone: (843) 973-5186
Fax: (843) 947-6113
jbiggart@forthepeople.com
cooper.klaasmeyer@forthepeople.com
**Attorneys for the Plaintiff**

*/s/ Aaron J. Hayes*
Jacob M. Kaufman, Fed Id. No. 14615
jmk@swblaw.com
Aaron J. Hayes, Fed Id. No. 11196
ajh@swblaw.com
Mark S. Barrow, Fed Id. No. 1220
msb@swblaw.com
Sweeny, Wingate & Barrow, P.A.
PO Box 12129
Columbia, SC 29201
Telephone: (803) 256-2233
Facsimile: (803) 256-9095
**(Attorneys for the Defendants)**

January 12, 2026                                           January 12, 2026